## SPACKMAN v. SWAN CREEK ORCHARD CO.

(District Court, D. Delaware. March 16, 1921.)

No. 412.

Receivers ⊂⇒128—Certificates will not be given priority to creditors' claims, where issuance not beneficial.

Where, on application of receivers for orchard company for authority to issue receivers' certificates to pay for pruning, spraying, and otherwise preserving the property, it appeared that the assets then had a salable value sufficient to pay all existing claims, and that the creditors would derive no benefit by the issuance of the certificates, but their claims might be jeopardized if the certificates were given priority over them, the application would be granted as to authority to issue the certificates, but denied as respects giving the certificates priority over any existing claims.

In Equity. Suit by Horace B. Spackman against the Swan Creek Orchard Company, in which receivers were appointed for defendant. The receivers petition to issue receivers' certificates having priority over all creditors except mortgage creditors. Petition granted as to authority to issue, but denied as to giving them priority.

Herbert H. Ward, of Wilmington, Del., for receivers.

Daniel J. Layton, Jr., of Georgetown, Del., for opposing creditors.

MORRIS, District Judge. Recently, on application of a stockholder, receivers were appointed for the Swan Creek Orchard Company; it being alleged by the complainant, and admitted by the corporation, that the latter was unable to pay its debts as they matured in the usual course of trade and business. The defendant is an orchard company having several hundred acres of fruit trees of bearing age. The receivers are without available funds for pruning, spraying, and otherwise preserving the corporate property. They have presented a petition praying for authority to issue receivers' certificates to the amount of $8,000, such certificates to be given priority over all creditors of the company other than mortgage creditors. Certain creditors have appeared, answered the petition, and objected, not to the issuance of the certificates, but to their being given priority over existing claims.

Counsel for the receivers and counsel for the creditors agree that the assets now have a salable value sufficient to pay all existing claims in full. Counsel for creditors takes the position that the expenditure upon the property of the proceeds of the receivers' certificates would not enhance its salable value, and that its salable value is probably not sufficient to pay both the receivers' certificates and the existing indebtedness in full. While the soundness of this contention cannot now be determined, yet it does appear from undisputed facts that the creditors will derive no benefit by the issuance of the certificates. On the other hand, it appears that their claims may be placed in jeopardy if the certificates be given priority as prayed for. I think claims of creditors may not be so jeopardized for the benefit of stockholders. The prayer of the petition will be granted in so far as it seeks authority to issue receivers' certificates, but denied in so far as it seeks to have the certificates given priority over any existing claims.

An order in accordance herewith may be submitted.